IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TENISHA FELIO, individually, and | ) | |
| JOHN E. TOMLINSON, as Administrator | ) | |
| of the Estate of James Edward Felio | ) | CIVIL ACTION |
| (on behalf of Tenisha Felio and the minor | ) | FILE NO. |
| children of James Edward Felio and | ) | |
| Tenisha Felio), | ) | |
| | ) | |
| Plaintiffs, | ) | DEMAND FOR TRIAL |
| | ) | BY JURY |
| v. | ) | |
| | ) | |
| CHRISTOPHER HYATT, individually, | ) | |
| and in his capacity as a police officer for | ) | |
| the City of Lawrenceville, Georgia, | ) | |
| KARL HYDRICK, individually, and in his | ) | |
| capacity as a police officer for the City of | ) | |
| Lawrenceville, Georgia, the CITY OF | ) | |
| LAWRENCEVILLE POLICE | ) | |
| DEPARTMENT and the CITY OF | ) | |
| LAWRENCEVILLE,  Georgia, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW Plaintiffs and file this Complaint against Defendants showing

the Court as follows:

## INTRODUCTION

### 1.

This is a 42 U.S.C. §1983 action brought under the Fourth and Fourteenth Amendments to the United States Constitution arising from the Defendant police officers' unreasonable, intentional and malicious use of deadly force against Plaintiffs' decedent husband and father, James Edward Felio.  Plaintiffs also assert pendant state law claims of negligence, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, and violation of the Georgia Constitution against all Defendants.

## JURISDICTION AND VENUE

### 2.

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned constitutional and statutory provisions.  Plaintiffs further invoke the pendant or supplemental jurisdiction of this Court to decide the claims arising under state law pursuant to 28 U.S.C. § 1367.

**3.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and N.D.L.R. 3.1b(3) because the event giving rise to this claim occurred in Gwinnett County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia.

**4.**

All of the parties herein are subject to the jurisdiction of this Court.

**<u>PARTIES</u>**

**5.**

Plaintiffs are citizens of the United States and residents of Gwinnett County, Georgia.

**6.**

Defendant Christopher Hyatt is an individual residing at 3742 Woodruff Ridge Lane, Loganville, Georgia 30052, and who was, at all times relevant herein, a police officer employed by the City of Lawrenceville who acted within the scope of his employment by and pursuant to the policies and procedures of the City of Lawrenceville Police Department.  Defendant can be served with summons and a copy of this Complaint at the above-listed address.

**7.**

Defendant Karl Hydrick is an individual residing at 1134 Saint Andrews Circle, Atlanta, Georgia 30338, and who was, at all times relevant herein, a police officer employed by the City of Lawrenceville who acted within the scope of his employment by and pursuant to the policies and procedures of the City of Lawrenceville Police Department. Defendant can be served with summons and a copy of this Complaint at the above-listed address.

**8.**

Defendant City of Lawrenceville is a corporate entity chartered by the State of Georgia and which does employ persons who work for the City of Lawrenceville Police Department. Defendant can be served by delivering a summons and copy of this Complaint to the City Attorney, V. Lee Thompson, Jr., at 690 Longleaf Drive, Lawrenceville, Georgia 30046.

**9.**

Defendant City of Lawrenceville Police Department, at all times relevant herein, acted under color of state law and on behalf of the City of Lawrenceville, Georgia.

## FACTUAL ALLEGATIONS

### 10.

During the early morning hours of December 11, 2010, Tenisha Felio called the 911 operator to have police officers sent to the home she shared with her husband, James Edward Felio ("James Felio"), at 707 Charleston Court, Lawrenceville, Gwinnett County, Georgia.

### 11.

Tenisha Felio called 911 because of a domestic dispute with her husband.

### 12.

Lawrenceville Police Department dispatched two of its police officers, Christopher Hyatt ("Hyatt") and Karl Hydrick ("Hydrick") to the Felio home.

### 13.

Upon arriving at the Felio home, Defendants Hyatt and Hydrick were met by Tenisha Felio who told Defendants that her husband was upstairs in their house asleep.

### 14.

Defendants instructed Tenisha Felio to remove the couple's minor children from the house and Defendants would then go upstairs and confront James Felio.

**15.**

Tenisha Felio did as instructed and began, with the help of relatives, removing the minor children from the upstairs portion of the house and then out of the house.

**16.**

During the process of Tenisha Felio removing her children, Defendants Hyatt and Hydrick, approached James Felio and attempted to question him.

**17.**

At the time Defendants first approached James Felio, he was completely naked and still asleep in bed.

**18.**

Defendants, when first approaching James Felio, had already drawn a taser for the purpose of using it on James Felio.

**19**.

Defendants found a pair of James Felio's pants in the bedroom and demanded that he put on the pants.

**20.**

After putting on his pants, James Felio sat back on the bed as instructed.

**21.**

After obeying Defendants' commands of putting on his pants and sitting back on the bed, Defendants began tasing and struggling with James Felio.

**22.**

Defendant Hydrick fired his taser over ten (10) times into the body of James Felio.

**23.**

At some point during the struggle, James Felio fell off the bed and onto the floor.

**24.**

At this time, Tenisha Felio saw James Felio prone and flat on the floor alone with both hands held up beside his head.

**25.**

James Felio had no weapon in either hand.

**26.**

While James Felio was on the floor and unarmed, Defendant Hyatt had pulled out his pistol, a .45 caliber pistol with hollow point bullets, and was pointing it at James Felio.

**27.**

Tenisha Felio screamed for Hyatt not to shoot James Felio because he was not fighting Defendants, was on the floor with both hands up and did not have any weapons.

**28.**

Defendant Hyatt shouted at Tenisha Felio to stand back and Tenisha Felio followed the command and did not move.

**29.**

At the same time, Tenisha Felio saw Defendant Hyatt pointing his pistol at James Felio, she also saw Defendant Hydrick positioned up and away from James Felio.

**30.**

Tenisha Felio continued to scream for Defendant Hyatt not to shoot the unarmed James Felio.  Notwithstanding Tenisha Felio's pleas and screams, Defendant Hyatt shot James Felio in the abdomen while James Felio was on the floor.

**31.**

After being shot, James Felio died shortly thereafter on his bedroom floor.

**32.**

While unarmed on the floor of his bedroom, and with both Defendants out of his reach, James Felio did not pose an imminent threat of death or serious bodily harm to Defendants or anyone else when he was shot in his abdomen by Defendant Hyatt.

**33.**

James Felio was unarmed and was no danger when he was shot and killed.

**34.**

At no time relevant herein did James Felio assault, threaten or otherwise endanger anyone so as to justify the use of deadly force against him by Defendants.

**35.**

Defendants' use of deadly force was intentional and not justified. Defendants acted maliciously with the intent to harm James Felio. Furthermore, Defendants failed to follow acceptable, reasonable and standard police practices and procedures.

**36.**

Defendants may have acted with criminal intent and their decision to use deadly force was unreasonable from the standpoint of what an objectively

reasonable officer would have done.

## THEORIES OF RECOVERY

### 37.

The aforementioned misconduct of Defendants toward James Felio constituted an unreasonable use of deadly force, and thus an unreasonable seizure of James Felio's person in violation of the Fourth Amendment of the United States Constitution.

### 38.

The law clearly establishes that a police officer may not use deadly force to apprehend an unarmed and nonviolent suspect, and no reasonable police officer would have believed that it was appropriate to use deadly force under the circumstances confronting Defendants; accordingly, Defendants are not entitled to qualified immunity for their objectively unreasonable use of deadly force in violation of the Fourth Amendment.

### 39.

The aforementioned acts and omissions of Defendants also constitutes, at the very least, negligence, battery,  intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment under Title 51 of

the Official Code of Georgia Annotated, as well as abuse during the course of an arrest on violation of Art. I,§ I, ¶ 17 of the Georgia Constitution.

**40.**

Because Defendants intentionally caused bodily harm under circumstances that did not provided legal justification for doing so, Defendants are not entitled to official immunity under Georgia law.

**41.**

Defendant, City of Lawrenceville, failed to properly train and supervise Defendants Hyatt and Hydrick thereby contributing to the death of James Felio and damages to Plaintiffs.

**42.**

Defendant City of Lawrenceville's failure to properly train and supervise Defendants Hyatt and Hydrick amounts to negligence and subjects it to liability.

**43.**

Because of its negligence, Defendant City of Lawrenceville is not entitled to immunity.

## **DAMAGES**

### **44.**

As a direct and proximate result of the above described conduct of Defendants, Plaintiffs and Plaintiffs' decedent, James Felio, have been deprived of their constitutional rights and subjected to extreme mental and physical pain, suffering, and, in the case of James Felio, death. Plaintiffs have been forced to endure financial hardships due to James Felio's death, all of which are expected to continue long into the future.

### **45.**

Defendants are liable to Plaintiffs for all of the foregoing damages in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

### **46.**

The aforementioned conduct of Defendants amounted to such conscious indifference with reckless disregard for the consequences as to authorize the imposition of punitive damages against them to the extent permitted by law.

### **47.**

Plaintiffs are also entitled to recovery of their reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiffs demand the following:

(a)    that this action be tried by a jury;

(b)    that judgment be entered in favor of Plaintiffs and against Defendants

in an  amount to be determined by the enlightened conscience of fair

and impartial jurors to the extent allowed by law;

(c)    that Plaintiffs be awarded their attorney's fees and reasonable

expenses of  litigation;

(d)    that all costs of this action be taxed against Defendants; and

(e)    that the Court award any additional or alternative relief as may be

deemed appropriate under the circumstances.

This 3rd day of December, 2012.

Respectfully submitted,

"s/ Max Richardson, Jr .
Max Richardson, Jr.
Georgia Bar No. 604080
Heather L. McPhillip
Georgia Bar No. 116109
Attorneys for Plaintiff

2024 Beaver Ruin Road
Norcross, Georgia 30071
Tel: (770) 209-7999
Fax: (770) 209-0033
Email: attorneymax@aol.com
Email: hmcphillip@hotmail.com

<u>"s/ James E. Dearing, Jr.</u>
James E. Dearing, Jr.
Georgia Bar No. 215090
Attorney for Plaintiff

730 Peachtree Street, N.E.
Suite 560
Atlanta, Georgia 30308
Tel: (404) 870-0010
Fax: (404) 870-0008
Email: <u>jdearing@jed-law.com</u>

14

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| TENISHA FELIO, individually, and | ) | |
| JOHN E. TOMLINSON, as Administrator | ) | |
| of the Estate of James Edward Felio | ) | CIVIL ACTION |
| (on behalf of Tenisha Felio and the minor | ) | FILE NO. |
| children of James Edward Felio and | ) | |
| Tenisha Felio), | ) | |
| | ) | |
| Plaintiffs, | ) | DEMAND FOR TRIAL |
| | ) | BY JURY |
| v. | ) | |
| | ) | |
| CHRISTOPHER HYATT, individually, | ) | |
| and in his capacity as a police officer for | ) | |
| the City of Lawrenceville, Georgia, | ) | |
| KARL HYDRICK, individually, and in his | ) | |
| capacity as a police officer for the City of | ) | |
| Lawrenceville, Georgia, the CITY OF | ) | |
| LAWRENCEVILLE POLICE | ) | |
| DEPARTMENT and the CITY OF | ) | |
| LAWRENCEVILLE,  Georgia, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>VERIFICATION</u>

I, Tenisha Felio, hereby verify that the information contained in the Verified

Complaint is true and accurate to the best of my knowledge.

This the 3rd day of December, 2012.

/s/ Tenisha Felio
Tenisha Felio
